### GEORGE H. VERDER v. JOHN D. ELLSWORTH AND OTHERS.

*Municipal Corporation.  · Nuisance, Abatement of.   Trustees.*

The trustees of an incorporated village, under its charter and by-laws authorizing the abatement of a nuisance, but requiring them first to give notice and an order to the owner to remove it, cannot justify their acts in removing a fence, under a notice to remove it, when the court below found that it was not the fence nor the lot, but the use of the lot sheltered by the fence, that created the nuisance.   A notice of the identical nuisance is condition precedent to the exercise of such power by the trustees.

TRESPASS *quare clausum.*   Plea, general issue with notice. Trial by court, September Term, 1886, VEAZEY, J., presiding. Judgment for the plaintiff.   The plaintiff owned a vacant lot in the Village of Rutland.   In the summer of 1885 he rented to Barnum's circus the right to erect a fence or bill-board on two sides of the lot for the display of advertisements; and the fence was built about twelve feet high.   It was afterwards used for the display of posters of shows, patent medicines, etc. Certain houses and buildings overlooked the lot, which was

Verder *v.* Ellsworth.

used to such an extent by persons going behind the fence to meet the demands of nature, that the residents complained to the trustees that it was a nuisance, and requested that it be abated.

The trustees gave a notice to the plaintiff that " the bill-board &ast; &ast; &ast; has been adjudged a nuisance, and you are hereby directed to remove or abate the same."; and upon the plaintiff's refusal to remove the fence, it was taken down by the street commissioner by order of the village trustees.

The court found that the lot, used as aforesaid, was a nuisance, but ruled that the removal of the fence was beyond the power of the trustees; and that their order to the street commissioner did not justify the trespass.

*Walker & Swinington,* for the defendants, cited 1 Dill. Mun. Corp. ss. 95, 308, 369, 374, 380; Wood Nuis. s. 738; *Harvey* v. *Dewoody,* 18 Ark. 252; *State* v. *Smith,* 54 Vt. 403; 13 Reporter, 586; *Kennedy* v. *Phelps,* 10 La. Ann. 227; *Hart* v. *Albany,* 3 Paige, 218.

*J. C. Baker,* for the plaintiff, cited Wood Nuis. 22, 27, 738; *State* v. *Woodward,* 23 Vt. 92; Sedg. Stat. Law, 465; *Miller* v. *Burch,* 32 Tex. 208; R. L. s. 3924; *State* v. *Burlington,* 36 Vt. 759; *Underwood* v. *Green,* 42 N. Y. 140; *Clark* v. *Syracuse,* 13 Barb. 32.

The opinion of the court was delivered by

Ross, J. The notice, given by the trustee to the plaintiff, was to remove the bill-boards, or fence, in contention. It was these which the plaintiff refused to remove, and which the trustees adjudged to be a nuisance. It is not found by the County Court that the *fence* was a nuisance, nor that the plaintiff's *lot* was a nuisance, but that the *use* made of the lot under the shelter of the fence constituted the nuisance. The defendants justify the removal under the charter and by-laws or ordinances of the village of Rutland, as trustees thereof. The

Verder *v.* Ellsworth.

charter authorizes and empowers the village to make ordinances, regulations and by-laws, among other things, " to abate and remove all public and private nuisances." It enacted ordinances making it the duty of the trustees to " restrain, remove, or abate nuisances ;" and also prohibited any person or persons from permitting any nuisance to remain on his or their premises, and commanding such person or persons, on notice and order from such trustee, or any one of them, to remove such nuisance ; and on his or their failure to do so, " the trustees shall cause the same to be removed and abated." These are all the provisions made by the village, under the charter, for the abatement and removal of nuisances. It will be observed that the ordinances first cast the duty of abating and removing them upon the trustees, and then prescribe the manner in which they shall proceed, by notice and order to the person permitting it ; and on his failure to comply, it is then made their duty to cause it to be removed and abated. It is elementary and fundamental that tribunals of limited jurisdiction, especially in summary proceedings, must strictly comply with the limitations prescribed, in the exercise of their powers. By the ordinance, before the trustees can cause to be abated and removed, the person permitting it must have notice of the identical nuisance required to be removed and abated. Such notice is condition precedent to the exercise of the power of removal by the trustees. The trustees so understood the ordinance, and undertook to comply with its requirements. But, instead of notifying the plaintiff of the real nuisance, and commanding its removal, they notified and commanded him to remove the fence, which was not the nuisance, and only a shelter to those who, so far as found, unlawfully, and against the will of the plaintiff, so used the lot, which the fence partly surrounded, as to create the nuisance. The want of proper notice is not answered by the fact that the removal of the fence would have the effect, indirectly, to abate the nuisance, because it made the unlawful acts of those frequenting the lot so open that they ceased to occupy it for unlawful purposes. The

act of the defendants, in removing the fence, cannot be justified ; because the fence itself was not a nuisance, and has not been found to be one, although the notice of justification, under the general issue, attempts to set it up as such. From the notice of justification, it is quite evident that the trustees adjudged the fence itself, because of its height and use for exhibiting show-bills, as a nuisance, and for that reason ordered the plaintiff to remove it. Without considering the other questions relating to nuisances, presented in the argument of counsel, we think the defendants cannot justify their removal of the fence under the village ordinance. Whether they might have had the right to remove the fence as the only practical means of abating the nuisance, if they had commanded the plaintiff to remove the real nuisance, need not be considered, and is not decided.

The judgment is affirmed.